IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

VITTORIO SPADARO,

                                                        OPINION AND ORDER

                   Plaintiff,

                                                         13-cv-623-bbc

    v.

ACCESSIBLE SPACE, INC.,
JENNIFER RAWSON,
MICHELLE ROESCHLEIN,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Vittorio Spardaro, proceeding <u>in forma pauperis</u>, has filed a proposed complaint seeking damages from defendants Accessible Space, Inc., Jennifer Rawson, and Michelle Roeschlein. Dkt. #1. The complaint is ready for screening to determine whether it is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B). Because plaintiff is a pro se litigant, his complaint will be construed liberally as it is reviewed for these potential defects. <u>Haines v. Kerner</u>, 404 U.S. 519, 521 (1972). Having reviewed the complaint, I conclude that it must be dismissed because it does not comply with Federal Rule of Civil Procedure 8. However, I will give plaintiff an opportunity to file an amended complaint that gives proper notice of his claims. Plaintiff alleges the following facts in his complaint.

1

ALLEGATIONS OF FACT

Plaintiff Vittorio Spadaro, is from Hudson, Wisconsin and is confined to a wheelchair. Plaintiff alleges that defendant Michelle Roeschlein, the "housing certification specialist" for defendant Accessible Space, Inc., talked to him about renting an apartment in Hudson in a building owned by Accessible Space. Plaintiff was interested in renting an apartment and asked whether he would be able to move in by November 1 because that is when he had to be out of his current apartment. Plaintiff says that defendant "expressed that if all the paperwork could be completed, authenticated, and verified by [November 1]" then he would most likely be able to move in on that date. He says he called Roeschlein numerous times to insure that his move was set. However, when he arrived at the apartment building, he was not able to move in and was subsequently rejected as a tenant. Plaintiff had to store his belongings and rent a hotel room while finding new accommodations. Accessible Space sent him a denial letter stating that "a prior eviction" was the reason for denial. However, plaintiff states that the pending eviction action was actually decided in his favor. Plaintiff seeks damages for moving expenses, hospital bills, the price of the hotel he stayed in until he found a new place to live, the storage of and damage to his belongings and for pain and suffering.

OPINION

Plaintiff's complaint is hard to understand and does not clearly state grounds upon which his claims rest. Plaintiff fails to explain why he believes he is entitled to damages from

defendants. Plaintiff need not state specific legal theories, but he must explain the grounds upon which his claim rests. DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000). Under Federal Rule of Civil Procedure 8, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007). Plaintiff's complaint does not meet this standard.

Additionally, because plaintiff's allegations are so vague, it is unclear what legal theories underpin plaintiff's claims. Plaintiff may be attempting to bring federal claims under the American with Disabilities Act or the Fair Housing Act. He appears to be attempting to bring a state law breach of contract claim, but without a more detailed complaint it is difficult to tell whether any federal claims can go forward and thus whether it has jurisdiction to consider a state law contract claim. I will address these theories in turn.

First, it is possible that plaintiff is attempting to bring a claim under the Americans with Disabilities Act. Even if this is the case, he may not proceed on such a claim because the ADA does not apply to plaintiff's situation. The ADA prohibits discriminating against individuals on the basis of disability in the full and equal enjoyment of . . . any place of public accommodation by any person who owns" it. 42 U.S.C. 12182(a). In order to state a claim for violation of this provision of the ADA plaintiff must prove "that: (1) [he] is disabled; (2) defendant is a 'private entity' which owns, leases or operates a 'place of public accommodation'; and (3) [he] was denied the opportunity to participate in or benefit from

3

services or accommodations on the basis of [his] disability." Torrence v. Advanced Home Care, Inc. 2009 WL 1444448 (N.D. Ill. 2009). A number of district courts have found that residential apartment buildings are not places of public accommodation under the ADA. See, e.g. Worthington v. Golden Oaks Apartments, 2011 WL 4729879 (N.D. Ind. 2011) (Golden Oaks is not public accommodation under ADA because it is apartment complex); Radivojevic v. Granville Terrace Mutual Ownership Trust, 2001 WL 123796, at *3 (N.D.Ill. 2001) (cooperative apartment not public accommodation); Phibbs v. American Property Management, 2008 WL 746977, *3 (D. Utah 2008) (residential apartment complex not place of public accommodation).

The Fair Housing Act prohibits discrimination "in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin," 42 U.S.C. § 3604(b), or on the basis of "a handicap." Id. at § 3604(f)(2). Under the Act, discrimination can include "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." Id. at § 3604(f)(3)(B). From plaintiff's allegations, it appears that he may be intending to bring a claim under the Fair Housing Act. However, plaintiff's allegations are so vague that it is difficult to tell whether he believes that he was discriminated against on the basis of a disability.

From plaintiff's complaint I understand him to be bringing a state law breach of contract claim. However, the facts plaintiff has alleged do not establish a contract between him and the defendant. Rather, all plaintiff refers to is a vague verbal assurance from

someone that he would be able to rent the apartment. He does not explain whether he and defendants ever signed a lease or whether they knew the outcome of plaintiff's eviction proceedings. Moreover, even if plaintiff had provided more detail about the circumstances of this agreement, it is unclear whether this court could consider the contract claim. If it turns out that plaintiff may proceed only on state law claims, the case cannot proceed in this court unless plaintiff can show that he is a citizen of a state in which defendants are not citizens. Taake v. County. of Monroe, 530 F.3d 538, 540 (7th Cir. 2008) (contract case between state actor and state citizen "has no place in federal court because it presents only state-law claims"). Federal district courts may exercise jurisdiction only in cases for which Congress has determined that jurisdiction is proper, such as when the plaintiff's claims present federal questions or arise under federal law, 28 U.S.C. § 1331, or when the plaintiff's citizenship is completely diverse from the defendants', 28 U.S.C. § 1332.

Because plaintiff's allegations do not comply with Rule 8, I will dismiss his complaint and give him an opportunity to submit an amended complaint, explaining in more detail any claims he wishes to bring. In his amended complaint, plaintiff should consider whether someone reading the complaint can answer the following questions:

- Did defendants have a contract with plaintiff, that is, did they sign a lease?
- If so, did defendants breach a contract with plaintiff?
- Did defendant defraud plaintiff or lie to him? And if so, what did they do or say?
- Did defendant discriminate against plaintiff for having a disability? How does

5

he know that?

Also, because it is possible that plaintiff might be able to proceed only on a state law claim, such as breach of contract or fraud, he must show that he and all the defendants are citizens of different states and that the amount in controversy exceeds $75,000. (Plaintiff established that defendant Accessible Space, Inc. as being a citizen of Minnesota. However, he does not explain what his citizenship is or the citizenship of the other defendants.) If plaintiff does not plead a federal question or make the necessary showings about citizenship and amount in controversy, I cannot exercise jurisdiction over the case and must dismiss it. Preston v. Purtell, 410 F.2d 234, 236 (7th Cir. 1969) ("A complaint must affirmatively aver such facts as will support the existence of federal jurisdiction.").

Finally, plaintiff should provide more information about which defendants are liable for each of his claims. Plaintiff appears to be saying that he communicated with defendant Roeschlein, who worked for defendant Accessible Space. He does not mention defendant Jennifer Rawson in his allegations whatsoever, leaving it unclear what role she may have had in the actions that alleged harmed plaintiff. If plaintiff cannot identify the reason why each defendant is named in the complaint, those defendants will ultimately be dismissed.

ORDER

IT IS ORDERED that plaintiff Vittorio Spadaro's complaint is DISMISSED WITHOUT PREJUDICE; he may have until November 22, 2013 to file a proposed amended complaint that complies with the Federal Rules of Civil Procedure as described in

this order. If plaintiff fails to respond by that date, I will dismiss the case.

Entered this 12th day of November, 2013.

                                          BY THE COURT:
                                          /s/
                                          BARBARA B. CRABB
                                          District Judge